JERRY C. GOLDHAGEN
ATTORNEY AT LAW
Central Park East
222 New Road, Suite 302
Linwood, NJ 08221
Tel.: 609-927-9227
Fax: 609-927-9233
goldhagenlaw@yahoo.com
ATTORNEY FOR PLAINTIFF(S)

| Plaintiff(s)<br><br>ABDUL AGABALOGUN AND EMI AGABALOGUN,<br><br>Vs.<br><br>Defendant(s)<br><br>AMARJIT BOLA; JAMES RIVER INSURANCE CO.; JOHN DOE I through JOHN DOE V; Fictitious Names, j/s/a; | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br>CASE NO.<br><br><br>CIVIL ACTION<br><br>COMPLAINT AND JURY DEMAND |
|---|---|

PARTIES:   Plaintiffs:
Abdul Agabalogun and Emi Agabalogun
23 Hartford Drive
Egg Harbor Twp., NJ 08234

Defendants:
Amarjit Bola
132 Marlboro Road
Upper Darby, PA 19082

James River Insurance Co.
6641 Broad Street, Unit 300
Richmond, VA 23230

John Doe I through John Doe V, unknown identity, residents, citizens, and/or entities of the Commonwealth of Pennsylvania, upon information and belief.

JURISDICTION

Jurisdiction is based upon diversity of State citizenship, pursuant to 28 U.S.C. 1332. Plaintiffs are at the time of filing of the Complaint, have been and are citizens and residents of the

1

State of New Jersey only. The defendant, Amarjit Bola, is not a citizen or resident in the State of New Jersey, but only a citizen, and resident of the Commonwealth of Pennsylvania.

The defendant, James River Insurance Co., is a Virginia corporation with corporate home office located in Richmond, VA, and is not a corporation of the State of New Jersey, and does not have corporate offices in New Jersey

The amount in controversy exceeds $75,000.00.

## CAUSE OF ACTION

1. At all times mentioned herein and pertinent hereto, at the time of the filing of this Complaint Plaintiffs are and have been citizens and residents of the State of New Jersey.

2. On or about February 3, 2017, Plaintiff, Abdul Agabalogun, was operating a motor vehicle owned by him, southbound on University Avenue at the intersection with Curie Avenue, in the City of Philadelphia, Commonwealth of Pennsylvania, stopped at a red light.

3. At the time and place aforementioned defendant, Amarjit Bola, was operating a motor vehicle owned by him, behind Plaintiff's vehicle.

4. At the time and place aforementioned, the defendant, Amarjit Bola, drove his vehicle into the rear of Plaintiff's vehicle, causing plaintiff's vehicle to strike the rear of a preceding vehicle, and Plaintiff sustained serious injuries, and property damage.

5. At the time and place aforementioned, the defendant, Amarjit Bola, was negligent, which negligence consisted of the following, without limitation: Failure to pay proper attention to the roadway and vehicles preceding his on the roadway; failure to properly stop or yield; failure to properly warn; traveling at an unsafe speed under the attendant circumstances; failure to take reasonable steps to avoid a collision; failure to leave a safe following distance; violation of various statutes and ordinances governing the operation of motor vehicles on roadways in the City of Philadelphia and Commonwealth of Pennsylvania, including but not limited to careless driving, and was otherwise careless, negligent, and inattentive.

6. As a direct and proximate result of the aforementioned negligence and wrongful conduct of the defendant, Amarjit Bola, plaintiff, Abdul Agabalogun was caused to sustain severe, permanent and painful bodily injuries, causing him to endure and in the future will endure severe pain and suffering, causing him

to spend and will in the future spend large sums of monies for medical treatment, causing him to be unable and will in the future be unable to attend to his normal duties, activities, relationships, and occupations.

WHEREFORE, Plaintiff, Abdul Agabalogun, demands judgment against the defendant, Amarjit Bola, for damages, interest, attorneys fees, costs of suit, and for such other relief as allowed by law.

## SECOND COUNT

1. Plaintiff repeats the allegations of the first Count as set forth fully herein.

2. As a direct and proximate result of the aforementioned negligence and wrongful conduct of the defendant, Amarjit Bola, plaintiffs vehicle was caused to sustain extensive property damage, repair expenses, alternate transportation expenses, diminution of the market value of their vehicle, lost income, and other property damage related losses.

WHEREFORE, Plaintiff, Abdul Agabalogun, demands judgment against the defendant, Amarjit Bola, for damages, interest, attorneys fees, costs of suit, and for such other relief as allowed by law.

## THIRD COUNT

1. Plaintiffs repeat the allegations of the First Two Counts as if set forth herein.

2. At all times mentioned herein and pertinent hereto, plaintiff, Emi Agabalogun, was and is the wife of plaintiff, Abdul Agabalogun, residing with him.

3. As a direct and proximate result of the aforementioned negligence of the defendant, Amarjit Bola, plaintiff, Emi, has incurred and will incur medical and other bills for her husband, and has incurred and will incur the loss of the normal relationship, consortium, services, activities, and income, with her husband, plaintiff, Abdul Agabalogun..

WHEREFORE, Plaintiffs, Abdul Agabalogun and Emi Agabalogun, demand judgment against defendant, Amarjit Bola, for damages, costs of suit, interest, attorneys fees, and for such other relief as allowed by law.

## FOURTH COUNT

1. Plaintiffs repeat the allegations of the First Three Counts as if set forth fully herein.

2. At all times mentioned herein and pertinent hereto plaintiff, Abdul Agabalogun, was operating his vehicle as an Uber driver and pursuant to an agreement between Uber and plaintiff, plaintiff was insured by and covered by a policy of insurance issued by defendant James River Insurance Company for Uber and covering plaintiff, (hereinafter referred to as James River).

3

3. At all times mentioned herein and pertinent hereto, defendant, James River, was a corporation with headquarters located in the State of Virginia, with home offices located at 6641 Broad Street, Unit 300, Richmond, VA 23230.

4. Defendant, James River, was required to provide no fault/personal injury protection (PIP) coverage for plaintiff, Abdul Agabalogun, to cover his medical bills, essential service costs, and lost earnings, arising out of the subject accident.

5. Defendant, James River, was required to provide first party benefits to plaintiff for property damage related losses, including but not limited to repairs to plaintiff's vehicle, replacement of the plaintiff's vehicle, towing and storage costs, alternative transportation expenses, and lost income resulting from the lost use of the vehicle

6. Despite demand, defendant, James River, has failed or refused to provide all of the PIP and other first party benefits plaintiff is entitled to under its policy.

7. The failure or refusal of James River to pay all of the first party insurance benefits plaintiff is entitled to under the policy, constitutes a breach of contract, and breach of statutory, and regulatory duty, of defendant, James River, toward plaintiff, and constitutes bad faith.

8. As a direct and proximate result of the aforementioned breach of contract and statutory, and regulatory duty, and bad faith, on the part of defendant, James River, plaintiff has and will sustain damages and losses as aforementioned, which should be covered by the policy, as well as attorney's fees, costs, and interest.

WHEREFORE, Plaintiffs, Abdul Agabalogun and Emi Agabalogun, demand judgment against the defendants, Amarjit Bola, and James River Insurance Co., jointly, severally, and in the alternative, for damages, costs of suit, interest, attorneys fees, and for such other relief as allowed by law, including an Order compelling defendant James River Insurance Co., to provide all of the insurance benefits plaintiff is entitled to.

## FIFTH COUNT

1. Plaintiffs repeat the allegations of the First Four Counts as if set forth herein.

2. Defendants, John Doe I through John Doe V are unknown persons, business, or government entities.

3. Although Plaintiffs have made a diligent inquiry, the actual identity of the defendants, John Doe I through John Doe V, are unknown to the plaintiff, and accordingly are designated by fictitious names.

4

4. Defendant John Doe I is any other insurance carrier or entity that should have paid the personal injury protections or other insurance benefits to or for the benefit of plaintiff and breached contractual, statutory, and regulatory duties in failing to do so, proximately causing damages and losses to plaintiff as aforementioned, that should be paid by defendant John Doe I.

5. Defendant John Doe II was the operator of the motor vehicle that rear ended Plaintiff's vehicle, and was both negligent and reckless, in the operation of the vehicle, as more particularly described in the First Count of this Complaint, as to the specifically named defendant Bola, and John Doe II directly and proximately caused plaintiff's damages and losses aforementioned.

6. At all times mentioned and pertinent hereto defendant John Doe III was the principal for which Defendant, Bola or John Doe II, was an agent, servant, or employee, and defendants John Doe II and/or Bola were acting as a agent, servant, employee or otherwise for the direct benefit of defendant John Doe III, and John Doe III is responsible for the negligent and wrongful conduct of defendants John Doe II and Bola, under the theory of respondent superior, and negligent selection, entrustment, hiring, training, and supervision.

7. The defendants, John Doe IV and V are persons or entities otherwise liable to Plaintiffs for their injuries, damages, and losses as aforementioned, under any theory, at law, equity, contractual, statutory, or otherwise.

8. As a direct and proximate result of the aforementioned negligent and wrongful conduct and breach of contractual duty on the part of defendants John Doe I through John Doe V, Plaintiffs sustained damages and losses as aforementioned.

WHEREFORE, Plaintiffs, Abdul Agabalogun and Emi Agabalogun, demand judgment against the defendants, Amarjit Bola, and John Doe I through V jointly, severally and in the alternative, for damages, interest, attorneys' fees and costs of suit, and an Order compelling defendant, James River Insurance Co., and John Doe I, to pay all of the first party benefits Plaintiff is entitled to, and for such other relief as allowed by law.

## JURY DEMAND

A Trial by Jury is hereby demanded on all issues.

_____
JERRY C. GOLDHAGEN, ESQUIRE
Attorney for Plaintiffs

Dated: February 1, 2019

5

## CERTIFICATION

I am an attorney admitted to practice law in the State of New Jersey, counsel for the above-named Plaintiff. The matter in controversy in this case is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. There are no other parties who should be joined in this action, except for specifically designating those defendants presently designated by fictitious names.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
JERRY C. GOLDHAGEN
Attorney for Plaintiffs

TAKE NOTICE that the undersigned attorney, counsel for Plaintiff, does hereby demand, that each party herein serving pleadings, interrogatories and Notices to Produce Documents and receiving answers thereto, serve copies of all such pleadings, and provide answered interrogatories received from any party, including any documents, papers, and other materials referred to therein, upon the undersigned attorney, and TAKE NOTICE that this is a continuing demand.

_____
JERRY C. GOLDHAGEN
Attorney for Plaintiffs

TAKE NOTICE that the under signed attorney, counsel for Plaintiff, does hereby demand, answers to all applicable Form interrogatories prescribed by the Court Rules, and the annexed Interrogatories.

TAKE NOTICE that the undersigned, attorney, counsel for plaintiff, does hereby demand responses to the Notice to Produce Documents annexed to the within Complaint, as Exhibit A, within the time limits prescribed by the Rules of the Court.

_____
JERRY C. GOLDHAGEN
Attorney for Plaintiffs

Date: February 1, 2019

6

## INTERROGATORIES

1. State (a) the full name and residence address of each defendant; (b) if a corporation, the exact corporate name; and (c) if a partnership, the exact partnership name and the full name and residence address of each partner.

2. Describe in detail your version of the accident or occurrence setting forth the date, location, time and weather.

3. If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim or third party action; and (b) identify a copy of every document relating to such facts.

4. State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

5. State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to who the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement.

Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

6. If you claim that plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

7. If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

8. State the names and addresses of all eye witnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

9. If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at

present and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

     10. State the names and addresses of any and all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses.

     With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to Rule 4:19, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. If a report is not written, supply a summary of any oral report provided to you.

State the subject matter on which your experts are expected to testify.

State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

     11. If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state: (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from which you obtained the information; and (e) attach a copy of any written documents regarding this information.

     12. If you intend to rely on any statute, rule, regulation or ordinance, state the exact title and section.

     13. State whether there are any insurance agreements including excess policies under which any person or firm carrying on an insurance business may be liable to satisfy part or all of a judgment that may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. YES ( ) or NO ( ).

     If the answer is "YES", attach a copy of each insurance agreement or policy, or in the alternative state: (a) number; (b) name and address of insurer or issuer; (c) inception and expiration dates; (d) names and addresses of all persons insured thereunder; (e) personal injury limits; (f) property damage limits; (g) medical payment limits; (h) name and address of person who has custody and possession thereof; and (i) where and when each policy or agreement can be inspected and copied.

     14. Identify all documents that may relate to this action, and attach copies of each such document.

     15. State whether you have ever been convicted of a crime.
YES ( ) or NO ( ).
If the answer is "YES", state (a) date; (b) place; and (c) nature

     16. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury? YES ( ) or NO ( ).

If the answer is "YES", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person

making it; (e) whether or not it was made in the regular course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

17. State whether any repairs were made to the premises or property or Defendants' vehicle after plaintiff's injury. YES ( ) or NO ( ).

If the answer is "YES", state: (a) the full name and present or last known address of each person who endeavored to correct the condition; (b) indicate the nature of the work performed; and (c) describe in detail the exact nature and location of the condition as it was found to exist prior to any work performed, and attach repair bills, and estimate and photographs.

18. Was the answering defendant driving the vehicle at the time of the accident as an agent, servant, or employee, or the direct benefit for any other person or entity, and if so, state the name and address of the other person or entity, and the relationship with the answering defendant, at the time of the accident.

EXHIBIT "A"

1. Results of any CIB check on Plaintiffs.

2. Photographs, video tapes, sound recordings, diagrams or other depictions of any persons, locations, vehicles, objects or products which involve the subject matter of this lawsuit.

3. Repair estimates, repair invoices, proof of payment for repairs, proof of payment for totaled vehicle, for any vehicle, object, location or product involved in the incident which is the subject of this lawsuit.

4. Declaration sheet for any insurance policy covering the plaintiff's claims at the time of the incident which is the subject matter of this lawsuit, and the declaration sheet for any excess or umbrella coverage.

5. Any statements provided, completed, written and/or signed by the plaintiffs, or agents, servants or employees of plaintiffs, in any form, or any memorialization of such statements.

6. Statements of any defendants, or their agents, servants and employees, in any form regarding the subject matter of this lawsuit, (other than statements to their attorneys).

7. Any accident, incident, security or similar form produced by Defendants, or its agents, servants or employees regarding the incident which is the subject matter of this lawsuit, including, without limitation any employee's statements.

8. Reports of any proposed expert witnesses for trial and their current resumes, and any learned treatises, or articles they may rely upon.

9. The entire contents of any investigation file or files and any other documentary material in your possession which support or relate to the allegations of plaintiff's Amended Complaint (excluding references to mental impressions, conclusions or opinions representing the value or merit of the claim or defense or respecting strategy or tactics and privileged communications to and from counsel).

10. Any and all statements concerning this action, from any witnesses including any statements from the parties herein, or their respective agents, servants or employees.

11. Any and all documents containing the name, home and business address of all individuals contacted as potential witnesses.

12. The drivers license of the operator of the vehicle involved in plaintiff's accident, then and now.

13. The registration for the vehicle involved in plaintiff's accident, then and now.

14. The Dec Sheet for any liability carrier covering the defendant vehicle.

NOTE: As to any documents claimed to be non-discoverable, state the basis for this position, and describe the document, (e.g. date, author, recipient, form, purpose, etc.), with sufficient specificity to permit plaintiffs and the Court to determine the validity of defendants' position.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ABDUL AGABALOGUN
EMI AGABALOGUN

**DEFENDANTS**
AMARIT BOLA
JAMES RIVER INSURANCE CO.

(b) County of Residence of First Listed Plaintiff: ATLANTIC
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
JERRY C. GOLDHAGEN, ESQ.
222 NEW RD, SU 302
LINWOOD NJ 08221    609-927-9127

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT
Nature of suit: 350 Motor Vehicle (checked)

## V. ORIGIN
☒ 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 28 USC 1332
Brief description of cause: MOTOR VEHICLE ACCIDENT - NEGLIGENCE - BREACH OF INSURANCE CONTRACT - INJURY & OTHER DAMAGES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 250,000
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

DATE: 2/1/19
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____